UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ronald J. Johnson,

      Plaintiff,

v.                                                    Civ. No. 05-2532 (JNE/RLE)
                                                    ORDER
Jo Anne B. Barnhart,
Commissioner of Social Security,

      Defendant.

      This case is before the Court on a Report and Recommendation issued by the Honorable Raymond L. Erickson, Chief United States Magistrate Judge, on August 28, 2006. The magistrate judge recommended that plaintiff's motion for summary judgment be denied and that defendant's motion for summary judgment be granted. Plaintiff objected to the Report and Recommendation. Defendant asserts that the Court should adopt the Report and Recommendation. The Court makes a de novo determination on the record. *See* D. Minn. LR 72.2(b).

      The Administrative Law Judge (ALJ) found that plaintiff was disabled within the meaning of the Social Security Act beginning September 19, 2003. The ALJ also determined that plaintiff was not disabled prior to the established onset date of September 19, 2003, and in particular during the time period from May 31, 2002, through September 18, 2003. The ALJ made the latter finding despite the fact that plaintiff's treating physician, Dr. Leppink, opined in an October 27, 2004, letter that plaintiff's "limitations would have been appropriate for [plaintiff] for all times subsequent to May 31, 2002."

      Plaintiff argues that the ALJ should have given Dr. Leppink's opinion as to plaintiff's onset date controlling weight. Generally, the opinion of a treating physician is given substantial

1

weight. 20 C.F.R. § 404.1527; *see also Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996). However, such opinions are not conclusive and must be supported by medically acceptable clinical or diagnostic data. *See Pena*, 76 F.3d at 908. An ALJ may discount a treating physician's medical opinion when it is conclusory or inconsistent with the patient's medical records. *See, e.g., id.*; *Piepgras v. Chater*, 76 F.3d 233, 236 (8th Cir. 1996). In addition, a treating physician's opinion can be discounted if other assessments are supported by better or more thorough medical evidence. *See, e.g., Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997).

Plaintiff is correct that the ALJ did not give controlling weight to Dr. Leppink's opinion that plaintiff was disabled as of May 31, 2002. However, the record demonstrates that Dr. Leppink's retrospective opinion was appropriately afforded less weight because it was conclusory and unsupported by substantial evidence in the record. In particular, on March 15, 2002, Dr. Leppink completed a worker's compensation form on which he indicated plaintiff would be able to return to work without restrictions. As the ALJ noted, there is nothing in Dr. Leppink's objective medical findings after March 2002 that reveal any significant change in plaintiff's physical condition prior to September 19, 2003. Moreover, there are key inconsistencies between the record and Dr. Leppink's opinion as to the alleged May 31, 2002, onset date. For example, the record reveals that plaintiff underwent a physical examination by Dr. Leppink in October 2002 (over four months after the alleged onset date of disability), during which Dr. Leppink reported that plaintiff's back, neurological system, muscular system, and extremities were all within normal limits. In addition, prior to September 19, 2003, the record reveals that plaintiff's medical treatment involved only conservative modalities, without resort to surgery, injections, or physical therapy, and that plaintiff managed his pain through rest, prescribed medications, and stretching exercises.

Based on the files, records, and proceedings herein, and for the reasons stated above, the Court adopts the Report and Recommendation [Docket No. 20]. Therefore, IT IS ORDERED THAT:

1. Plaintiff's Motion for Summary Judgment [Docket No. 14] is DENIED.

2. Defendant's Motion for Summary Judgment [Docket No. 17] is GRANTED.

3. This case is DISMISSED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  November 7, 2006

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge